term, set aside its own order allowing a claim against an estate, if mistake or fraud has intervened." *Schlink v. Maxton,* 153 Ill. 447; *Sherman v. Whiteside,* 190 Ill. 576; *Strauss v. Phillips,* 189 Ill. 9; *Whittemore v. Coleman,* 239 Ill. 450.

From the showing in the petition the claim was allowed by the County Court by accident or mistake, or on a misunderstanding of the agreement made by the parties. If the estate has a receipt in full for the subscription to the building of the church, and the verified petition states that it has, then the presentation and allowance of such claim is a fraud, and its allowance having been obtained through a mistake or by fraud, the allowance should have been set aside. It is unnecessary to discuss the other contention of claimant. The judgment of the Circuit Court is reversed and the cause remanded with instructions to set aside the allowance of the claim and permit the estate to defend against it.

*Reversed and remanded with directions.*

## Joseph Cech, Appellee, v. Firemen's Insurance Company of Newark, New Jersey, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916.

### Statement of the Case.

Action by Joseph Cech, plaintiff, against the Firemen's Insurance Company of Newark, New Jersey, defendant, for loss of property insured. From a judgment for plaintiff, defendant appeals.

SEYMOUR EDGERTON and WILSON, WARREN & CHILD for appellant.

JOHN P. FLOOD and B. L. CATRON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 331*—*when knowledge of agent is knowledge of insurer.* Where, in an action on a fire insurance policy on household furniture, the preponderance of the evidence showed that the agent of the insurer knew that the furniture was in a house other than that stated in the policy at the time it was written, and that the insurer, after the loss, sent an adjuster to make out proofs of loss for the insured, *held* that the knowledge of the agent as to the location of the property was the knowledge of the insurer and that a recovery could be had.

2. INSURANCE, § 646*—*when evidence admissible to show knowledge of change of location.* Where a fire insurance agent was told by the insured that the location of household furniture already insured had been changed to a new location, and at the request of the insured raised the amount of the policy to cover additional furniture purchased by the insured, *held* that in an action for loss under a renewal policy of insurance in another company, written by the same agent, in which the furniture was described as being in the original location, that evidence of the change made in the old policy was incompetent, though harmless error, but that what was said to the agent as to the location of the furniture when the alteration of the old policy was made was competent on the question of knowledge by the agent as to the change of location.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.